# Hellring Lindeman Goldstein & Siegal LLP
## COUNSELLORS AT LAW

BERNARD HELLRING (1916-1991)
JOEL D. SIEGAL ∆
MICHAEL EDELSON
ROBERT S. RAYMAR ∆
STEPHEN L. DREYFUSS ∆
PATRICIA A. STAIANO
BRUCE S. ETTERMAN ∆
MATTHEW E. MOLOSHOK ∆
DAVID N. NARCISO ∆
ROBERT B. ROSEN ∆
SHERYL E. KOOMER
CORINNE B. MALONEY ∆
CHRISTY L. SAALFELD ∆

∆  NJ & NY   + FL

103 EISENHOWER PARKWAY
SUITE 403
ROSELAND, NEW JERSEY 07068-1031

T: +1.973.621.9020  |  F: +1.973.621.7406
www.hlgslaw.com

JONATHAN L. GOLDSTEIN ∆ +
SPECIAL COUNSEL

CHARLES ORANSKY ∆
JUDAH I. ELSTEIN ∆
JOHN A. ADLER ∆
OF COUNSEL

MARGARET DEE HELLRING (RET.)

May 9, 2023

By ECF

Honorable Rosemary Gambardella
Judge, U.S. Bankruptcy Court
50 Walnut Street, 3rd Floor
Newark, New Jersey 07102

Re:    Gauss, LLC
       Case No. 23-10858 (RG)
       Return date: May 16, 2023 at 10:00 a.m.

Dear Judge Gambardella:

This firm represents Eric Perkins, Chapter 7 Trustee ("Trustee") for Gauss, LLC ("Debtor"). We submit this letter memorandum in lieu of a more formal Brief in opposition to the motion of Christine Koenig ("Koenig") seeking that this Court "enter an order determining that funds distributed pre-petition, per State Court Order as part of a divorce, from the Debtor's bank account, are not property of the Debtor's bankruptcy estate."

Koenig's only asserted authority for her motion under the Bankruptcy Code is the vague, general authority under 11 U.S.C §105(a) for the Court "to issue any order… that is necessary or appropriate to carry out the provisions of this title."[1] In fact, Koenig's motion is neither "necessary" nor "appropriate" to carry out any of the provisions of the Bankruptcy Code. What Koenig actually seeks is a declaratory judgment from this Court that the Debtor's estate does not

---

[1] Koenig also suggests that her motion is a core proceeding under 11 U.S.C. §157(b)(2)(N) which relates to "orders approving the sale of property….", which has nothing to do with Koenig's motion.

**Hellring Lindeman Goldstein & Siegal** LLP

Honorable Rosemary Gambardella — 2 — May 9, 2023

have an interest in the property that was the funds in the Debtor's bank account. Bankruptcy Rule 7001 explicitly requires that such a claim be raised, not by motion, but by formal adversary complaint. That Rule provides that "a proceeding to determine …other interest in property…" (Rule 7001(2)) and "a proceeding to obtain a declaratory judgment relating to any of the foregoing" (Rule 7001(9)) must be brought by adversary proceeding. See, e.g., In re Eastman Kodak Co., 2012 Bankr. LEXIS 2746, *5-6 (S.D.N.Y. 2012); In re Indian Nat'l Finals Rodeo Inc. & Indian Nat'l Finals Rodeo Ass'n, 2011 Bankr. LEXIS 2400, *22 (D.Mont. 2011). In violation of the Bankruptcy Rules and without substantive authority under the Code, Koenig has sought to short-circuit that process and short-change the interests of the other creditors of Debtor's estate. Koenig cannot use 11 U.S.C. §105 to circumvent the provisions of the Bankruptcy Rules. See, e.g., In Re Yashaya, 403 B.R. 278, 288-289 (Bankr.E.D.N.Y. 2009), aff'd., 2010 U.S. Dist. LEXIS 101744 ) (E.D.N.Y. 2010); In re Bushnell, 273 B.R. 359, 365-366 (Bankr.D.Vt. 2001); In re Air One, Inc., 75 B.R. 1003, 1004-1005 (Bankr.E.D.Mo. 1987); see also, Law v. Siegel, 571 U.S. 415, 421-422 (2014)( §105(a) cannot be used to contradict another section of the Bankruptcy Code). The Court should reject Koenig's motion on that basis alone.

At the same time, the Trustee has now filed and served upon Koenig and her attorney, Kenneth F. Rempell ("Rempell"), who now holds these funds in his attorney trust account (Rempell Cert. Exhibit F)[2], an adversary proceeding seeking return of the funds to the Debtor's estate as a preference under 11 U.S.C. §547, Adv. Pro. No. 23-01114 (RG), Doc 22. As made eminently clear by Koenig's motion papers themselves, the State Court Orders that directed the transfer of

---

[2] The Trustee is of the belief that Rempell also claims an interest in these funds in payment of his attorneys' fees.

**Hellring Lindeman Goldstein & Siegal** LLP

Honorable Rosemary Gambardella        - 3 -        May 9, 2023

the funds in question arose from proceedings in which none of the other creditors of the Debtor, nor the Debtor itself, were parties, depriving them of due process.  See, e.g., Rempell Certification, Exhibits A and E.  The Trustee thus seeks to bring the funds back into the estate where the interests of all creditors of the Debtor, including Koenig but not exclusively Koenig, may be heard and adjudicated.  Koenig may, in fact, choose to more properly re-file her declaratory judgment action as a counterclaim to the Trustee's adversary proceeding.  This would also allow for all these matters to be fleshed out in mandatory mediation, rather than the quick rush to judgment Koenig's motion instead seeks through some kind of implied res judicata argument that (a) Koenig has not properly argued in any case and (b), in these circumstances, cannot bind this Court.  This second attempt by Koenig to freeze out all parties who have an interest in the funds should not be condoned.

As a result of the foregoing, the Trustee respectfully requests that the Court (a) deny Koenig's motion without prejudice to her properly raising her claims by way of adversary proceeding and (b) enter the Trustee's alternative form of Order also requiring that Rempel maintain possession of the funds in his Attorney Trust Account pending a resolution of the adversary proceeding.

            Respectfully submitted,

            /s/ Patricia A. Staiano
            Patricia A. Staiano

PAS:bml

cc: Eric R. Perkins, Chapter 7 Trustee (By Email)
   Roshni R. Shah, Esq. (By Email)

384625