**scura**

SCURA • WIGFIELD • HEYER
STEVENS • CAMMAROTA, LLP

www.scura.com
Tel: 973-696-8391
Fax: 973-696-8571

- ▲■ John J. Scura III, Esq.
  David C. Wigfield, Esq.
- ● Christopher Heyer, Esq.
- ● David L. Stevens, Esq.
- ● Pietro Cammarota, Esq.
- ● Guillermo J. Gonzalez, Esq.
  Carlos D. Martinez, Esq.
  Jamal Romero, Esq.
  Timothy J. Bartzos, Esq.
-   Roshni Shah, Esq.
  Paul S. Evangelista, Esq.
- ◆ Joseph A. Hallock, Esq. (Of Counsel)
  Erich H. Kamm, Esq. (Of Counsel)

■ Certified by the Supreme Court of New Jersey as a Civil Trial Attorney     ● Also admitted in New York     ▲ Also admitted in Pennsylvania     ◆ Also admitted in Florida

June 2, 2023

**Via ECF**
Honorable Rosemary Gambardella
Judge, U.S. Bankruptcy Court
50 Walnut Street, 3rd Floor
Newark, New Jersey 07102

      **Re:**    Gauss, LLC
                 Case No. 23-10858 (RG)
                 <u>Reply to Trustee Opposition to Koenig's Motion to Dismiss</u>

Dear Judge Gambardella:

This firm represents movant, Christine Koenig ("Koenig"), the former spouse of Jeffrey Eric Devers ("Devers"), who is the sole principal of Gauss, LLC (the "Debtor") and submits this letter brief in reply to the Trustee's Opposition filed on May 30, 2023 (Dkt. No. 33), and in further support of Koenig's motion to dismiss Debtor's Chapter 7 bankruptcy filing as a "bad faith" filing pursuant to 11 U.S.C. § 707(a) (the "Motion").

The Trustee states that "quite a bit of activity" has occurred in the short time this Chapter 7 bankruptcy proceeding has been pending, however we note that this is reminiscent of the state court litigation, where very similar activity occurred and resulted in the matters being litigated for over 10 years. The result was a finding that there were no credible investors and final judgment declaring that the disputed funds belong only to Koenig. This Court is now being asked to sit as an appellate court to a challenged state court order.

The Trustee argues that the Debtor was unrepresented in the state court action. Yet, Devers represented the interest of the Debtor and all of its alleged creditors, no doubt, as a means to prevent his former spouse from gaining access to the marital assets rightfully belonging to her, as per the consensual Martial Settlement Agreement (the "MSA"). Nonetheless, in his ploy to divert marital assets from his former spouse, he did in fact "virtually represent" the interest of the Debtor and its alleged creditors for years. The fact that Debtor was not made a party to the action is not so egregious that the matter should be re-litigated, where the interests of the Debtor were represented

**Wayne**
1599 Hamburg Tpke
Wayne, NJ 07470
*Mailing Address*

**Secaucus**
1 Harmon Meadow Blvd
Suite 201
Secaucus, NJ 07094

**Hackensack**
3 University Plaza
Suite 207
Hackensack, NJ 07601

**Newark***
One Gateway Center
Suite 2600
Newark, NJ 07102

*Meeting location - by appointment only.

scura

SCURA • WIGFIELD • HEYER
STEVENS • CAMMAROTA

Page 2

June 2, 2023

by its sole owner, and the issue before the state court was identical to the present issues: whether any portion of the funds in the Debtor's account belonged to the Debtor's alleged investors. The state court determined the funds did not belong to investors. Devers, although unsuccessfully, did represent the interests of the Debtor and the creditors, such that the Debtor "is in privity with [Devers] and is bound by and entitled to the benefits of a judgment as though he was a party when there is such an identification of interest between the two as to represent the same legal right. . . ." Zirger v. General Accident Ins. Co., 144 N.J. 327, 339 (*citing* Moore v. Hafeeza, 212 N.J.Super. 399, 403-04, 515 A.2d 271 (Ch.Div.1986)). Had the outcome favored Devers, the mutuality of interest between Devers and the Debtor would be quite apparent. However, the mere fact that Devers in his fiduciary capacity as the representative of the Debtor, ultimately lost in state court (after over 10 years of litigation), does not now permit him to utilize the Bankruptcy Court for a second chance. Devers did carry out his fiduciary duties and he did represent the Debtor and its interests; he just did not do it well. The state court proceeding included expert testimony produced by Devers for the benefit of the Debtor and its alleged investors, as well as testimony of the general counsel, expert reports, and other documentary evidence in support to Devers' assertion that the funds belonged to the Debtor's investors. Yet, the state court found the evidence to be not credible. Again, we emphasize the state court's findings that there were no (credible) investors of the Debtor and that the "funds contained in the Gauss Account are not unclaimed investor proceeds." See Dkt. No. 25-3, Counsel Cert., Ex. A at 13.

To that end, GT Partners, LP ("GT") was an alleged investor that emerged at the time of the state court trial, as it does now. However, the court's final order did not allocate funds for GT, which is telling of the applicability of the Cayman liquidation laws and the credibility of the evidence produced that these funds brought to the United States were investor funds. A thorough reading of the state court's findings will provide that *had* the funds actually belonged to investors, the funds would have escheated to the Cayman Island government, and would not have been transferred to the United States. Id. at 17-18. Any evidence produced to the contrary was deemed by the court to be inadequate, including the validity of the Assignment Agreement executed to transfer the funds to the Debtor. Id.

Nonetheless, for sake of argument, if we assume the money belongs to investors, publicly available filings would place them on notice that the investment fund closed, and their money no longer remained in the fund. See, Hooks v. Samson Lone Star, LP, 457 S.W.3d 53, 57-58 (Tex. 2015) (a public filing can defeat invocation of the discovery rule); and see County of Morris v. Fauver, 153 N.J. 80, 110 (1998) (the discovery rule cannot be properly invoked, had it even been raised, because any investor claim arises out of the contract, i.e., the subscription, and contracts cases are generally not subject to the discovery rule). Thus, the Debtor's investors/creditors were provided notice and an opportunity to be heard. Moreover, New Jersey has a six-year statute of limitations. N.J. S.A. 2A: 14-1. The Cayman Islands also has a six-year statute of limitations. C.J. Limitation Law§ 7; see also C.I. Companies Law§ 146(6). Therefore, at this point, years since the liquidation

of the investment funds, and years since the transfer of the funds to the Debtor's account, *and GT's claims and other investors' claims are time-barred*.

Furthermore, the Trustee mistakenly asserts that the state court order (and accompanying opinion), which required the transfer of the Debtor's account funds to Koenig, is not a final order, merely because Devers is now seeking to appeal the state court decision. To the contrary, a state court judgment is final where an appeal is filed pursuant to N.J. Ct. R. 2:4-1(a),( *i.e.,* "appeals from final judgments . . ."). If not final, it is interlocutory, and a party cannot maintain an appeal of an interlocutory decision in New Jersey state court without leave of court. N.J. Ct. R. 2:5-6(a). Any representation that the state court order was not a final order is directly contradicting of the Notice of Appeal and Devers' counsel certification which seeks Appellate review of final orders.

Moreover, the Trustee certifies that even if the state court order is not overturned on appeal, the funds at question could also be determined to be an asset of the Debtor's bankruptcy estate through the successful prosecution of the preference complaint. However, an unsuccessful appeal only bolsters Koenig's assertions that the funds never belonged to the Debtor's bankruptcy estate. The MSA, as enforced by the state court, vested ownership of the funds solely to Koenig. See Dkt. No. 25-5, Counsel Cert., Ex. C at 2. Hence, the funds never became property of the Debtor. Similarly, Koenig never was a creditor: the funds were always hers alone. Said differently, the funds were never owed to her by the Debtor, the MSA vested title in the portion of the funds found by the state court to not be investor funds.

In the interest of justice and the interest of judicial comity with the State Court, we respectfully submit that the Debtor's pending chapter 7 bankruptcy case should be dismissed. This court should not be asked to act as an appellate court and should instead allow the parties to pursue their rights in the state court where the issues have been litigated for over 10 years. Any alleged creditors are free to join in the venue where the matter has been litigated for years.

Sincerely,

SCURA, WIGFIELD, HEYER,
STEVENS & CAMMAROTA, LLP
*Counsel for Defendant*

By: /s/ *David Stevens*                .
       David, L. Stevens, Esq.